**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zen-Noh Hay, Inc., <br><br> Plaintiff, <br> vs. <br><br> Knight AG Sourcing, LLC, et al., <br><br> Defendants. | No. CV-20-00456-PHX-SPL <br><br> **ORDER** |

**I.     BACKGROUND**

This is a straightforward contract case. Defendant Knight Ag Sourcing, LLC, purchased alfalfa hay from Plaintiff Zen-Noh Hay, Inc. (Doc. 1 at ¶ 11). The parties entered into two sales contracts for the sale of the hay. (Doc. 1 at ¶¶ 12-15). Plaintiff alleges that "[w]ith the exception of a partial payment on May 28, 2019, Knight Ag has failed to pay ZHI any portion of the amounts due on the orders." (Doc. 1 at ¶ 22). On March 3, 2020, Plaintiff filed an action in this Court alleging breach of contract and unjust enrichment claims against Knight Ag as well as unjust enrichment claims against Defendants Knight Holding Corporation (a subsidiary of Knight Ag) and SPI Solar, Inc. (Doc. 1).

Plaintiff alleges the hay Knight Ag purchased was "acquired for the benefit of Knight Holding, which intended to press and sell the hay to third parties" and that Defendant Knight Holding "was enriched as a result of receiving the 2,050 short tons of alfalfa hay for which it did not pay ZHI." (Doc. 1 at ¶¶ 48-49). Similarly, Plaintiff alleges Defendant SPI Solar "was enriched as a result of receiving the 2.050 short tons of alfalfa

hay for which it did not pay ZHI." (Doc. 1 at ¶ 58).

Before the Court is Defendants' Motion for Partial Summary Judgment in which Defendants seek summary judgment as to the unjust enrichment claims against Defendants Knight Holding and SPI Solar. (Doc. 49). In its Response, Plaintiff indicated it "does not object to dismissal of its unjust enrichment claim against SPI Solar." (Doc. 57 at 2). Accordingly, the Court grants Defendants' Motion as to Defendant SPI Solar, and addresses the remainder of the Motion below.

## II.   LEGAL STANDARD

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, and affidavits, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. The burden then shifts to the party opposing summary judgment, who "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1153 (9th Cir. 2009) (citation omitted). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### III. DISCUSSION

"Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 210, ¶ 9 (App. 2010). To claim unjust enrichment, "a plaintiff must show (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy at law." *Span v. Maricopa Cty. Treasurer*, 246 Ariz. 222, 227, ¶ 15 (App. 2019).

Plaintiff argues Defendant Knight Holding Corporation (hereinafter "KHC") has been unjustly enriched because "the hay that ZHI delivered to Knight Ag was transferred to KHC, Knight Ag's parent company, *for no cost*." (Doc. 57 at 2) (emphasis in original). Plaintiff alleges that "KHC then exported and sold this hay." (Doc. 57 at 2).

Defendants argue in relevant part that "[w]hile there is testimony that Knight Holding Corporation did receive some of the hay that was purchased from ZenNoh Hay under the two contracts at issue, substantial payments were made directly to Zen-Noh Hay: three payments totaling $210,000 were made in May and June of 2019." (Doc. 49 at 5). The evidence confirms that these payments were made: When asked whether she knew about payments for the hay, Jamie Zhang, one of Defendants' Rule 30(b)(6) designees, testified that "[t]here were three payments, two are from Knight Holding Corporation, the other one is from SPI Group Holding." (Doc. 50 at 21-22). Further, Exhibit E to Defendants' Statement of Facts shows a check paid by KHC to Zen-Noh on May 31, 2019 in the amount of $50,000 and two wire transfers from SPI Group Holding totaling $160,000. (Doc. 50 at 27-29). Accordingly, KHC has paid for at least some of the hay.

Defendants contend that KHC "could have been unjustly enriched only if it received more hay than it had paid for directly." (Doc. 59 at 4). This is true—But there remains an issue of fact as to whether that is the case here. Plaintiff alleges that "ZHI was not paid in full for this hay; in fact, it is still owed $478,482.73. (Doc. 57 at 2). In response, Plaintiff argues that, even if this were true, "this begs the fundamental question: how much of this claimed indebtedness relates to hay that was ***taken by Knight Holding Corporation***," and

argues that "[h]ow much hay had been delivered by Zen-Noh Hay to Knight Ag Sourcing, and in turn had been resold to other buyers by Knight Ag Sourcing before Knight Holding Corporation acquired its interest, has never been addressed by Zen-Noh Hay." (Doc. 59 at 4) (emphasis in original). This Court agrees. But it has not been adequately addressed by Defendants either: Defendants merely speculate that holding KHC liable for unjust enrichment "*might* result in an inequitable doubling of Knight Holding Corporation's liability." (Doc. 49 at 7) (emphasis added). This is not enough. *See, e.g.*, *Nelson v. Pima Community College*, 83 F.3d 1075, 1081–82 (9th Cir.1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment"). Because there exists an issue regarding how much hay KHC received, Defendants have not met their burden of demonstrating an absence of disputed material fact on the issue of whether KHC was unjustly enriched.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 49) is **granted in part** and **denied in part**. The Motion is granted as to Defendant SPI Solar, Inc., but denied as to Defendant Knight Holding Corp. The Clerk of Court shall terminate SPI Solar, Inc. as a defendant.

Dated this 29th day of April, 2021.

Honorable Steven P. Logan
United States District Judge