**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zen-Noh Hay, Inc., | No. CV-20-00456-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Knight AG Sourcing, LLC, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Defendant Knight Ag Sourcing, LLC, and Plaintiff Zen-Noh Hay, Inc. entered into two contracts for the sale of alfalfa hay. (Doc. 1 at ¶¶ 11-15). Plaintiff alleges that "[w]ith the exception of a partial payment on May 28, 2019, Knight Ag has failed to pay ZHI any portion of the amounts due on the orders." (Doc. 1 at ¶ 22). On March 3, 2020, Plaintiff filed an action in this Court alleging breach of contract and unjust enrichment claims against Knight Ag as well as unjust enrichment claims against Defendants Knight Holding Corporation (a subsidiary of Knight Ag) and SPI Solar, Inc. (Doc. 1).

Plaintiff alleges the hay Knight Ag purchased was "acquired for the benefit of Knight Holding, which intended to press and sell the hay to third parties" and that Knight Holding (hereinafter "KHC") "was enriched as a result of receiving the 2,050 short tons of alfalfa hay for which it did not pay ZHI." (Doc. 1 at ¶¶ 48-49). Similarly, Plaintiff alleges Defendant SPI Solar "was enriched as a result of receiving the 2,050 short tons of alfalfa hay for which it did not pay ZHI." (Doc. 1 at ¶ 58).

On February 26, 2021, Defendants SPI Solar and KHC filed a motion for partial summary judgment. (Doc. 49). In response, Plaintiff consented to dismissing Defendant SPI. (Doc. 51 at 2). This Court granted the Motion as to Defendant SPI Solar but denied it as to Defendant KHC because, although the record reflects KHC has made some payments for the hay, the Court found that there remained an issue of fact as to whether KHC had received more hay than it paid for. (Doc. 60 at 3-4). Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 44).

## II.     LEGAL STANDARD

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, and affidavits, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. The burden then shifts to the party opposing summary judgment, who "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1153 (9th Cir. 2009) (citation omitted). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## III.   DISCUSSION

With SPI Solar terminated as a defendant, there are now four claims at issue: Two breach of contract claims against Knight Ag, an unjust enrichment against Knight Ag, and an unjust enrichment against KHC. (Doc. 1 at 3-5). Each claim will be addressed in turn.

### a.  Breach of First Contract (Knight Ag)

To establish a breach of contract claim, a plaintiff must prove the existence of a contract, the breach of the contract, and resulting damages. *Clark v. Compania Ganadera de Cananea*, S.A., 95 Ariz. 90, 94 (1963).

To address the breach of contract claims here, the Court must first consider which party bore the risk of loss of the hay. Under the first contract, Knight Ag would purchase hay at either a facility called Arizona Hay Press or a facility called M & M Farms. (Doc. 44 at 2). The contract indicated "FOB in Store At Arizona Hay Press" and "FOB M & M Farms." (Doc. 44 at 2, 3). Under Arizona Revised Statute § 47-2509(C), under an FOB (free on board) contract "the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant." The parties here disagree about at what point Knight Ag "received" the hay under either contract, but the first contract is particularly problematic as it relates to Arizona Hay Press. Knight Ag and Arizona Hay Press had a "shared premises" so whenever Knight Ag purchased hay located there, it "simply moved the hay into the press structure, then pressed it." (Doc. 44 at 2). Plaintiff would be notified that the hay was pressed and would therefore send an invoice to Knight Ag. (Doc. 44 at 2). Knight Ag argues that, under the first contract, the hay "that was being stored on the premises remained Zen-Noh Hay's property until it was transported to the hay press – the hay was not received by Knight Ag Sourcing until then." (Doc. 51 at 10). Thus, because Knight Ag and Arizona Hay shared the facility, Knight Ag argues it did not "receive" the hay until it was actually pressed.

Plaintiff alleges that Knight Ag purchased 386.14 tons of hay at Arizona Hay Press on April 23, 2019 and 127.38 tons on May 1, 2019. (Doc. 44 at 3). However, Plaintiff inspected Knight Ag's facility and "determined that an additional 402.175 tons of alfalfa

hay that had been previously moved to that facility was no longer present." (Doc. 44 at 3). Plaintiff argues this "logically means that the hay must have been pressed by Knight Ag." (Doc. 44 at 3). Knight Ag alleges it did not press the hay and believes the hay was wrongfully converted. (Doc. 51 at 5). Specifically, Knight Ag alleges that Bob Wood, who operated the hay press equipment, "admittedly converted hay from Knight Ag Sourcing on at least two occasions to satisfy a claimed debt" without the knowledge or permission of Knight Ag, and might have done so here. (Doc. 51 at 5).

Plaintiff has not met its initial burden of showing that no issue of fact exists regarding whether Knight Ag breached the first contract. Plaintiff does not seem to contest the fact that the risk of loss did not pass to Knight Ag until the hay was pressed. Rather, Plaintiff essentially argues that the *lack* of evidence as to where the hay went necessarily means that Knight Ag "logically" must have pressed it. (Doc. 44 at 3). But "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). Plaintiff argues that "Knight Ag has provided no evidence to support any finding other than it improperly took ZHI's hay," but Plaintiff, as the movant, has not yet met its initial burden of showing that Knight Ag *did* take the hay. (Doc. 56 at 5). Most critically, Plaintiff has not presented any evidence that Knight Ag did in fact move the hay to the pressing shed and press the hay. And Knight Ag has presented evidence raising a concern that the hay was wrongfully converted. The Court therefore cannot grant summary judgment on the first breach of contract claim.

### b. Breach of Second Contract (Knight Ag)

The risk of loss analysis for the second contract is more straightforward, contrary to Knight Ag's assertion. (Doc. 51 at 10). The hay under the second contract was located at a separate facility called Spot Road Farm, and the second contract indicated "FOB ZHI Spot Road Farm." (Doc. 44 at 3); (Doc. 51 at 4). Thus, under A.R.S. § 47-2509(C), the risk of loss passed to Knight Ag once Knight Ag received the hay.

Ag argues that "[t]he agreement to delivery hay under [the second contract] without prepayment supplemented the written contract by also allowing for delivery without

4

prepayment." (Doc. 51 at 11). Thus, Knight Ag argues that "Zen-Noh Hay retained title to the hay that it delivered under [the second contract] without prepayment." (Doc. 51 at 10-11). Knight Ag therefore argues that "[t]he hay covered by [the second contract] for which payment had not been made was not 'received' by Knight Ag Sourcing." (Doc. 51 at 11).

The Court cannot agree with Knight Ag's analysis. Even assuming, without deciding, that Plaintiff waived the contractual provision requiring prepayment such that Plaintiff retained title to the hay until payment was made, nothing in A.R.S. § 47-2509(C) requires that Knight Ag obtain *title* to the hay for the risk of loss to pass to it. Rather, the statute merely requires that Knight Ag "receive" the hay, *i.e.* come into physical possession of it. *See, e.g.*, *Gen. Dynamics Corp. v. Zantop Int'l Airlines*, 147 Ariz. 92, 93, 708 P.2d 773, 774 (Ct. App. 1985) ("The question of possession is critical because in a sale of personal property the risk of loss or damage passes to a buyer only when he receives the property. A.R.S. § 47–2509(C). We believe the conditional purchaser has a right of action for damage to the property only when he has possession."). The Court declines to read the statute so narrowly as to require legal title. Accordingly, the risk of loss under the second contract passed to Knight Ag once the hay was delivered to it.

Knight Ag does not deny that it came into possession of the hay under the second contract. Rather, Knight Ag alleges that the hay under the second contract "was removed without the knowledge or consent of Knight Ag," possibly by Bob Wood. (Doc. 51 at 5-6). However, it is immaterial *how* the hay went missing. Regardless of how the hay left Knight Ag's possession, Knight Ag bore the risk of loss under the second contract, and Knight Ag is liable to Plaintiff for the cost of the hay under that contract. Knight Ag has therefore breached the contract by failing to pay for the hay. Plaintiff is entitled to judgment as a matter of law on the second breach of contract claim.

### c. Unjust Enrichment (Knight Ag)

Plaintiff argues "Knight Holding also benefited from the hay acquired by Knight Ag" because "it was Knight Holding that exported and sold the hay to its customers." (Doc. 44 at 5-6). Plaintiff therefore argues that both Knight Ag and KHC were "enriched through

the acquisition of the hay, and ZHI was correspondingly impoverished without justification." (Doc. 44 at 6).

An unjust enrichment claim requires proof of five elements: "(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Freeman v. Sorchych*, 226 Ariz. 242, 251, ¶ 27, 245 P.3d 927, 936 (App. 2011). Because the Court finds that Knight Ag is liable for breach of the second contract, only the first contract is at issue with regards to unjust enrichment.

Defendants argue that "[n]o colorable argument can be made that Knight Ag Sourcing was unjustly enriched by the conversion (by Bob Wood or otherwise)" of the hay. (Doc. 51 at 12). As it relates to the second contract, for which Knight Ag did not bear the risk of loss until it actually pressed the hay, there remains an issue of fact as to whether Knight Ag was unjustly enriched. As explained above, it is not clear whether Knight Ag in fact pressed the hay or whether it was taken by another person or entity. Accordingly, the Court cannot grant summary judgment as to Plaintiff's unjust enrichment claim against Knight Ag, at least as it relates to the first contract.

### d. Unjust Enrichment (KHC)

Defendants argue that "Knight Holding Corporation and SPI Global Holdings, Inc., paid $210,000 directly to Zen-Noh Hay" and that there "has been no demonstration by Zen-Noh Hay that hay in excess of this value was taken by or delivered to Knight Holding Corporation." (Doc. 51 at 13).

The Court considered this issue in its order denying KHC's Motion for Summary Judgment (Docs. 49 & 60) and largely reincorporates that analysis here. Defendants argued that "[h]ow much hay had been delivered by Zen-Noh Hay to Knight Ag Sourcing, and in turn had been resold to other buyers by Knight Ag Sourcing before Knight Holding Corporation acquired its interest, has never been addressed by Zen-Noh Hay." (Doc. 59 at 4). Defendants are correct: Plaintiff has not presented any evidence regarding how much hay KHC has pressed and used/sold. Therefore, there remains an issue of fact as to whether

KHC received more hay than that which is have already paid for, and the Court cannot grant summary judgment on the unjust enrichment claim. *See* (Doc. 60 at 3-4).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 44) is **granted in part** and **denied in part**. The Motion is granted as to Plaintiff's Second Cause of Action (Breach of Second Contract against Knight Ag Sourcing LLC) and denied as to all other claims.

Dated this 6th day of May, 2021.

Honorable Steven P. Logan
United States District Judge