**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zen-Noh Hay, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Knight AG Sourcing, LLC, et al., <br><br> Defendants. | No. CV-20-00456-PHX-SPL <br><br> **ORDER** |

     Before the Court is Plaintiff's Motion to Dismiss (Doc. 67). On April 29, 2021, this Court granted Defendants' Motion for Partial Summary Judgment as to Defendant SPI Solar, Inc. only, and directed the Clerk of Court to terminate SPI Solar as a defendant. (Doc. 60). On May 7, 2021, this Court granted Plaintiff's Motion for Summary Judgment as to Plaintiff's second cause of action only but denied the Motion on all other claims. (Doc. 61). Plaintiff now requests that the Court dismiss the remaining causes of action without prejudice and enter judgment on the second cause of action, indicating that it "does not believe that prosecution of the remaining claims against Knight Ag and Knight Holding is cost-effective at this time." (Doc. 67 at 2). Defendants respond and ask that the dismissal be with prejudice, and also asks that the Court dismiss all claims against SPI Solar with

///

///

prejudice. (Doc. 73 at 1-2).[1]

"Rule 41(a)(2) permits a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). Where the request is to dismiss without prejudice, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a) (2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir.2001). Prejudice does not result simply when a "defendant faces the prospect of a second lawsuit," or when plaintiff "merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). However, "prejudice may be shown where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable." *Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989), aff'd, 909 F.2d 1490 (9th Cir. 1990). For example, "plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense." *Id.* (citing *Green Giant Co. v. M/V Fortune Star*, 92 F.R.D. 746 (S.D. Ga. 1981)). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1390 (9th Cir. 1986).

The Court will dismiss this action with prejudice. The parties have already conducted extensive discovery in this case, and this dismissal comes only after Plaintiff has already suffered adverse rulings on critical motions. It would unfairly prejudice Defendants, therefore, to allow Plaintiff a second bite at the apple. *See, e.g.*, *Moulton v. Americredit Fin. Servs., Inc.*, No. C 04-02485 JW, 2007 WL 9811051, at *2 (N.D. Cal.

---

[1] Defendants also argue that, although this Court granted their Motion for Summary Judgment as to Defendant SPI Solar, Inc. and directed the Clerk of Court to terminate SPI as a defendant, "no such action has been taken by the Clerk." (Doc. 73 at 2) (citing Doc. 60). However, pursuant to this Court's April 29, 2021 Order, the Clerk of Court did in fact terminate SPI as a defendant on that date. The Court will therefore not take any action on this request.

May 4, 2007) ("The Court finds that dismissal without prejudice is inappropriate in this case due to the advanced stage of the proceedings."); *Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989) ("For example, plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense."). In fact, the reason that Plaintiff agreed to dismiss SPI Solar as a defendant was because, even after extensive discovery, Plaintiff realized it did not have enough evidence to support its unjust enrichment claim. Plaintiff should not be allowed to force Defendants to relitigate its claims and incur these expenses anew should it decide to refile if and when it gathers additional evidence.

Because Defendants would suffer legal prejudice from dismissal without prejudice, Plaintiff's remaining claims will be dismissed with prejudice. *See, e.g.*, *Navajo Nation v. Peabody Coal Co.*, No. CIV-93-2342-PCT-SMM, 2009 WL 806636, at *9 (D. Ariz. Mar. 26, 2009) (granting plaintiff's voluntary dismissal without prejudice as modified and dismissing with prejudice because "[t]he Court has given the parties ample opportunities to settle, pursue alternative means, or pursue this litigation. Furthermore, a dismissal with prejudice prevents Peabody from suffering plain legal prejudice due to the staleness of this case."); *Page v. Grandview Mktg., Inc.*, No. 2:09-CV-01150-RCJ, 2010 WL 4923485, at *3 (D. Nev. Nov. 29, 2010) (granting plaintiff's voluntary dismissal without prejudice as modified and dismissing with prejudice because "Defendants have incurred expense defending Blankenship's claims. Blankenship should not be allowed to force Defendants to incur those expenses anew should he decide to re-file. The Court dismisses Blankenship's claims with prejudice.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Dismissal Without Prejudice (Doc. 67) is **granted as modified**.

**IT IS FURTHER ORDERED** that Counts One, Three, and Four of Plaintiff's Complaint (Doc. 1) are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor

of Plaintiff on Count Two of its Complaint (Doc. 1) pursuant to the Court's May 7, 2021 Order (Doc. 61). Plaintiff is awarded $383,971.68 plus prejudgment interest at the rate of 10% and post judgment interest at the rate of 0.09%.

**IT IS FURTHER ORDERED** that the final pretrial conference presently set for **September 28, 2021 at 9:00 a.m.** is **vacated**. The Clerk of Court shall terminate this action.

Dated this 8th day of July, 2021.

Honorable Steven P. Logan
United States District Judge