**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zen-Noh Hay, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Knight Ag Sourcing, LLC, et al., <br><br> Defendants. | No. CV-20-00456-PHX-SPL <br><br> **ORDER** |

  Before the Court is Defendants' Motion to Amend Judgment pursuant to Federal rules of Civil Procedure 59(e) and 60(a). (Doc. 81). Defendant Knight Ag Sourcing, LLC, and Plaintiff Zen-Noh Hay, Inc. entered into two contracts for the sale of alfalfa hay. (Doc. 1 at ¶¶ 11-15). On March 3, 2020, Plaintiff filed an action in this Court alleging that "Knight Ag has failed to pay ZHI any portion of the amounts due on the orders." (Doc. 1 at ¶ 22). The Complaint brought four causes of action against three defendants: the First Cause of Action pleaded breach of contract against Defendant Knight Ag under the first contract; the Second Cause of Action pleaded breach of contract against Knight Ag under the second contract; the Third Cause of Action pleaded unjust enrichment against Knight Ag; the Fourth Cause of Action pleaded unjust enrichment against Knight Holding Corporation (a subsidiary of Knight Ag); and the Fifth Cause of Action pleaded unjust enrichment against SPI Solar, Inc (the sole shareholder of Knight Holding). (Doc. 1).

  On April 29, 2021, the Court granted Defendants' Motion for Partial Summary Judgment as to Defendant SPI Solar, Inc. only, and directed the Clerk of Court to terminate

SPI Solar as a defendant. (Doc. 60). On May 7, 2021, this Court granted Plaintiff's Motion for Summary Judgment as to Plaintiff's Second Cause of Action only but denied the Motion on all other claims. (Doc. 61). On June 10, 2021, Plaintiff moved to dismiss the remaining causes of action without prejudice, indicating that it "does not believe that prosecution of the remaining claims against Knight Ag and Knight Holding is cost-effective at this time." (Doc. 67 at 2). The Court instead dismissed the remaining claims with prejudice because of the advanced stage of the litigation. (Doc. 76).

On July 16, 2021, the Clerk of Court entered judgment. (Doc. 79). The judgment reads: "[P]ursuant to the Court's Order filed July 9, 2021, judgment is entered in favor of plaintiff and against defendants in the amount of $383,971.68 plus prejudgment interest at the rate of 10% and post judgment interest at the rate of 0.09%." (Doc. 79). Defendants now argue the judgment should be amended "to reflect that judgment is being entered only against Knight Ag Sourcing, LLC" and not all defendants. (Doc. 81 at 1).

Pursuant to Rule 59(e), amendment of a prior order or judgment is proper if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citation omitted). The Court finds that Rule 59(e) is not applicable here. Defendants do not assert that the Court's judgment was wrong. Instead they argue that the Clerk's entry of judgment "is contrary to the record and the Court's ruling." (Doc. 81 at 3). Rule 60(a) applies to the facts of this case. Rule 60(a) states, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "In determining whether a mistake may be corrected under Rule 60(a), '[the Ninth Circuit] focuses on what the court originally intended to do.'" *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)).

Defendants are correct that the only claim for which judgment should be entered in favor of Plaintiff is Plaintiff's Second Cause of Action, which alleges breach of contract

against Defendant Knight Ag only. In its Order granting Plaintiff's summary judgment motion in part, the Court stated that the motion was "granted as to Plaintiff's Second Cause of Action (Breach of Second *Contract against Knight Ag Sourcing LLC*) and *denied as to all other claims*." (Doc. 61 at 7) (emphasis added). The Court then dismissed all remaining claims with prejudice. (Doc. 76). The Court's intent is apparent by the clear terms of its Order. Accordingly, judgment should have only been entered in favor of Plaintiff against Knight Ag, and no other defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Judgment (Doc. 81) is **granted**.

**IT IS FURTHER ORDERED** directing the Clerk to issue a Second Amended Judgment in a Civil Case which includes the following language in the second paragraph of the text:

> IT IS ORDERED AND ADJUDGED that pursuant to the Court's Order filed July 9, 2021, judgment is entered in favor of plaintiff and against defendant Knight Ag Sourcing, LLC, in the amount of $383,971.68 plus prejudgment interest at the rate of 10% and post judgment interest at the rate of 0.09%. This matter is now terminated.

Dated this 18th day of August, 2021.

Honorable Steven P. Logan
United States District Judge