**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zen-Noh Hay, | No. CV-20-00456-PHX-SPL |
| Plaintiff, | |
| vs. | **AMENDED ORDER**[1] |
| Knight Ag Sourcing LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Zen-Noh Hay, Inc.'s Motion for Attorneys' Fees (Doc. 82). For the following reasons, the Court will grant the motion in full.

**I.    BACKGROUND**

Defendant Knight Ag Sourcing, LLC, and Plaintiff Zen-Noh Hay, Inc. entered into two contracts for the sale of alfalfa hay. (Doc. 1 at ¶¶ 11-15). On March 3, 2020, Plaintiff filed an action in this Court alleging that "Knight Ag has failed to pay ZHI any portion of the amounts due on the orders." (Doc. 1 at ¶ 22). The Complaint brought four causes of action against three defendants: the First Cause of Action pleaded breach of contract against Knight Ag under the first contract; the Second Cause of Action pleaded breach of contract against Knight Ag under the second contract; the Third Cause of Action pleaded unjust enrichment against Knight Ag; the Fourth Cause of Action pleaded unjust enrichment against Knight Holding Corporation (a subsidiary of Knight Ag); and the Fifth Cause of Action pleaded unjust enrichment against SPI Solar, Inc. (the sole shareholder of

---

[1] This Order amends line 2 on page 7 of the August 19, 2021 Order (Doc. 88).

Knight Holding). (Doc. 1).

On April 29, 2021, the Court granted Defendants' Motion for Partial Summary Judgment as to Defendant SPI Solar only, and directed the Clerk of Court to terminate SPI Solar as a defendant. (Doc. 60). On May 7, 2021, this Court granted Plaintiff's Motion for Summary Judgment as to Plaintiff's Second Cause of Action only but denied the motion on all other claims. (Doc. 61). On June 10, 2021, Plaintiff moved to dismiss the remaining causes of action without prejudice, indicating that it "does not believe that prosecution of the remaining claims against Knight Ag and Knight Holding is cost-effective at this time." (Doc. 67 at 2). The Court instead dismissed the remaining claims with prejudice due to the advanced stage of the litigation. (Doc. 76). Plaintiff now seeks fees.

## II.  LEGAL STANDARD

Arizona Revised Statute § 12-341.01 provides that, in "any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees" to "mitigate the burden of the expense of litigation." *Id.* However, courts must consider six factors in deciding whether to grant attorney's fees: (1) the merits of the unsuccessful party's claim; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees against the unsuccessful party would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question presented was novel or had been previously adjudicated; and (6) whether a fee award would discourage other parties with tenable claims from litigating. *Associated Indem. Corp. v. Warner,* 694 P.2d 1181, 1184 (Ariz. 1985).

## I.  DISCUSSION

### A. Successful Party

Plaintiff argues "[b]ecause ZHI obtained the entire amount of relief sought under its second cause of action, ZHI is the successful party for that claim and is entitled to its reasonable attorneys' fees." (Doc. 82 at 3). Defendant argues the fees should be reduced because Plaintiff was not a successful party against either SPI Solar or Knight Holding Corporation since the Court dismissed all claims against those defendants with prejudice.

(Doc. 84 at 5). In the alternative, Defendant argues Plaintiff's requested fee amount should be reduced by 80% since Plaintiff only prevailed on 20% of its claims. (Doc. 84).

Determining "who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430, 874 P.2d 982, 987 (App. 1994). A party may be "successful" even though the party did not obtain the full relief it sought in the action. *Se. Invs., LLC v. CB Richard Ellis, Inc.*, No. 1 CA–CV 10–0224, 2011 WL 1226466 (Ariz. Ct. App. Mar.31, 2011) (citing *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430, 874 P.2d 982, 987 (Ct. App. 1994)). In cases involving multiple claims and varied success, the trial court may apply a "percentage of success" or a "totality of the litigation test" in determining which party prevailed. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13–14 ¶ 22, 261 P.3d 784, 788–89 (App. 2011). "Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees"; the superior court may find that a party is the successful party even when the recovery it obtains is "significantly reduced." *Berry v. 352 E. Virginia, LLC*, 228 Ariz. 9, 14, ¶¶ 23–24, 261 P.3d 784 (App. 2011). However, "if a party is not successful on all of its claims, it does not receive all of the fees it incurred in the action." *Interstate Fire & Cas. Co. v. Roman Cath. Church of Diocese of Phoenix ex rel. Olmsted*, No. CV-09-01405-PHX-NVW, 2012 WL 4856211, at *2 (D. Ariz. Oct. 11, 2012). A court generally will not award fees incurred by that party solely in pursuit of unsuccessful claims that were unrelated to the claims on which it did prevail. *See, e.g., Berry*, 228 Ariz. at 14, 261 P.3d at 789 ("When a case involves claims based upon different facts or legal theories . . . the court may decline to award fees for those unsuccessful separate and distinct claims") (internal quotations omitted); *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (Ct. App. 1983) ("[F]ees should not be awarded for those unsuccessful separate and distinct claims which are unrelated to the claim upon which the plaintiff prevailed.").

///

The Court finds that Plaintiff is the prevailing party in this case. To be sure, Plaintiff voluntarily dismissed three of its claims, and judgment was entered in favor of Defendant on another of Plaintiff's claims. However, Plaintiff only alleged breaches of two contracts and unjust enrichment, and Plaintiff succeeded in the larger of its two breach of contract claims and obtained the full measures sought by that claim: $383,971.68. Under the "totality of the litigation" test, Plaintiff is the prevailing party and is entitled to fees. *See, e.g.*, *Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161, 377 P.3d 355, 358 (Ct. App. 2016) (affirming trial court's conclusion that a party was successful even though the "superior court granted summary judgment against [him] on his claim for treble damages, reducing by two-thirds the amount of [his] potential recovery."). Furthermore, the cause of action on which Plaintiff prevailed was not unrelated to the claims on which it did not prevail. All of the claims involved the same two contracts and alleged breaches of those contracts, but were brought against different parties or alleged different theories of recovery. Plaintiff is the successful party in this action and is entitled to fees under § 12-341.01.

### B. *Associated Indemnity* Factors

Defendant does not address any of the *Associate Indemnity* factors in its Response (Doc. 84). Defendant only argues that Plaintiff is not a successful party. Accordingly, Defendant concedes that the factors weigh in favor of awarding Plaintiff fees. *See, e.g.*, *M.S. v. Cty of Ventura*, No. CV 16-03084-BRO (RAOx), 2017 WL 10434015, at *24 n.20 (C.D. Cal. Mar. 7, 2017) ("Failure to respond to the merits of one party's argument constitutes a concession of that argument."); *see also Mendoza v. City of Peoria*, No. CV-13-00258-PHX-DJH, 2015 WL 13239816, at *4 (D. Ariz. July 31, 2015) (construing Plaintiff's "silence" on an argument as a concession).[2]

---

[2] Plaintiff argues that "all of the [*Associate Indemnity*] factors weigh heavily in favor of allowing ZHI to recover its attorneys' fees," but in fact Plaintiff's Motion provides no argument or explanation as to how the fourth factor—whether Plaintiff prevailed on all relief sought—weighs in favor of awarding fees. (Doc. 82 at 5). In fact, this factor weighs against awarding fees because Plaintiff did not prevail on all of its claims. Nonetheless, because Defendant concedes the factors, the Court finds that, in totality, they weigh in

### C. Reasonableness

After concluding that awarding attorneys' fees is appropriate under the factors laid out in *Associated Indemnity*, the Court must then decide whether the requested fees are reasonable. *Manone v. Farm Bureau Prop. & Cas. Co.*, No. CV-15-08003-PCT-JAT, 2016 WL 1059539, at *3 (D. Ariz. Mar. 17, 2016). "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1285–86 (Ariz. Ct. App. 2007). However, "[i]f that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees." *Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012) (citing *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 165 P.3d 667, 672 (Ariz. Ct. App. 2007)). On the other hand, should "the party opposing the award show[ ] that the otherwise prima facie reasonable fee request is excessive, the court has discretion to reduce the fees to a reasonable level." *Geller*, 285 P.3d at 976.

To determine whether the requested attorneys' fees are reasonable, "the Court looks to whether the hourly rate is reasonable and whether the hours expended on the case are reasonable." *Maguire v. Coltrell*, No. CV-14-01255-PHX-DGC, 2015 WL 3999188, at *3 (D. Ariz. July 1, 2015) (citing Schweiger, 673 P.2d at 931–32). Reasonability is generally analyzed under the "lodestar method," which has been adopted as "the centerpiece of attorney's fee awards." *Leavey v. UNUM/Provident Corp.*, No. 2: CV-02-2281-PHX-SMM, 2006 WL 1515999, at *23 (D. Ariz. May 26, 2006) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989)). "The lodestar method of calculating reasonable attorneys' fees is a two-step process whereby a court multiplies 'the number of hours reasonably expended by a reasonable hourly rate' and then determines if any of the identified lodestar factors favor enhancing or reducing the arrived at product." *Manone*, 2016 WL 1059539, at *3

---

favor of granting fees.

(quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)).

### i. Hourly rate

Plaintiff's lead counsel has charged its client $620 per hour, which he argues "is a discount from [his] current standard hourly rate of $690." (Doc. 81-2 at 3). Plaintiff's former partner who was co-counsel on the case was billed at $440. (Doc. 82-1 at 3). An associate on the case has billed $310 per hour, which Plaintiff's counsel also argues "is a discount form her standard hourly rate of $345." (Doc. 82-1 at 3). Defendant does not contest the hourly rate, but instead argues "an award of 25% of the total attorneys' fees claimed by Zen-Noh Hay, equaling $20,357.67, would be appropriate here in accordance with the 'percentage of success' and 'totality of the litigation' test employed by the Arizona court." (Doc. 84 at 7). By failing to even address Plaintiff's requested rates, Defendant fails to meet its burden of showing that the hourly rates are unreasonable.

### ii. Time spent

Plaintiff alleges that, although it "was awarded 80% of its total damages sought in this lawsuit," it is "asking instead for only 80% of its attorneys' fees incurred that relate specifically to its breach of Second Contract claim." (Doc. 85 at 3). Plaintiff asserts that "[w]here a task was performed, and therefore fees were incurred and paid by ZHI, that did not relate to the breach of the Second Contract claim, it was excluded from the amount of fees ZHI is seeking," and that that amount was "further reduced by 20% in order to account for the fact that ZHI did not prevail on all of its claims." (Doc. 85 at 4). Defendant provides no argument on this issue, instead only arguing that Plaintiff should not be considered a "successful party" for the purpose of awarding fees. (Doc. 84). But the Court has already found that Plaintiff is a successful party, and even Plaintiff's unsuccessful claims were related to its successful claim. Accordingly, Defendant fails to make a showing of unreasonableness, and Plaintiff is entitled to the full amount of fees sought. *See, e.g.*, *State ex rel. Corbin v. Tocco*, 173 Ariz. 587, 594, 845 P.2d 513, 520 (App. 1992) ("[A]n opposing party does not meet [that] burden merely by asserting broad challenges to the application. It is not enough . . . simply to state, for example, that the hours claimed are

excessive and the rates submitted too high.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 82) is **granted**. Plaintiff is awarded $62,599.74 in reasonable attorneys' fees.

Dated this 8th day of September, 2021.

Honorable Steven P. Logan
United States District Judge